**UNITED STATES DISTRICT COURT DISTRICT OF ARIZONA, TUCSON**
**ORDER SETTING CONDITIONS OF RELEASE AND APPEARANCE BOND**

DATE: 8/11/2011    CASE NUMBER: CR 11-02729-TUC-DCB(JJM)
USA vs. MARTIN SERVANDO CRUZ

☐ **PERSONAL RECOGNIZANCE (O/R)**
☒ **AMOUNT OF BOND** $15,000    ☐ **UNSECURED** ☒ **SECURED BY** CASH OR CORPORATE SURETY OR PROPERTY SECURE

LODGED COPY
AUG 15 2011
BY_____ DEPUTY

**DEFENDANT IS SUBJECT TO THE FOLLOWING CONDITIONS:**

☒ Defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

☒ Defendant shall not commit any federal, state or local crime.

☒ Defendant shall cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

☒ Defendant shall IMMEDIATELY advise his/her attorney and Pretrial Services, in writing, PRIOR TO any change in residence address, mailing address or telephone number.

☐ Defendant acknowledges that **videotaped depositions** of material witnesses may be taken. Defendant is responsible for knowing the time and date of depositions and for appearing at depositions. Defendant's failure to appear will not delay or constitute cause for the continuance of the depositions and will be deemed a waiver of Defendant's right to confront the witness(es) in person. The depositions will proceed as scheduled.

☒ Defendant shall abide by the following restrictions on his personal associations, place of abode or **travel**: NOT TRAVEL OUT OF THE STATE OF ARIZONA, UNLESS COURT PERMISSION IS GRANTED TO TRAVEL ELSEWHERE.

☒ Defendant shall avoid all **contact** with the co-defendants.

☒ Defendant shall surrender all travel documents to Pretrial Services by_ and will not obtain a passport or other travel document during the pendency of these proceedings.

☒ Defendant shall not possess any **firearm**, ammunition, destructive device, or other dangerous weapon.

☐ **Curfew**: Defendant is restricted to his/her residence everyday from_ to_ by the Court.

☒ **IT IS FURTHER ORDERED THAT DEFENDANT SHALL REPORT TO PRETRIAL SERVICES AS DIRECTED BY HIS/HER PRETRIAL OFFICER AT: (520) 205-4350; 405 W. CONGRESS ST., SUITE 2633; ADDITIONALLY:**

  ☒ Defendant shall maintain or actively seek verifiable **employment** and provide proof of such to Pretrial Services.

  ☐ Defendant shall maintain or commence an **educational** program and provide proof of such to Pretrial Services.

  ☐ Defendant is placed in the **third party** custody of____

  ☐ Defendant shall reside at_, a **halfway house,** and follow all program requirements including the directions of staff members. The U.S. Marshal Service is authorized, if requested by the program director or an authorized staff member, to remove the Defendant from the program for noncompliance during evenings, weekends and holidays and place Defendant in temporary custody pending court proceedings.

☐ Defendant shall participate in one of the following location monitoring program components and abide by its requirements as the pretrial services office or supervising officer instructs.

  ☐ **(Curfew)** Defendant is restricted to his/her residence everyday from _ to _ or as directed by the supervising officer.

  ☐ **(Home Detention)** Defendant is restricted to his/her residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by Pretrial Services.

  ☐ **(Home Incarceration)** Defendant is restricted to 24-hour-a-day lock-down except for medical necessities and court appearances or other activities specifically approved by the court.

☐ Defendant shall submit to the location monitoring indicated below and abide by all the program requirements and instructions provided by the pretrial services office or supervising officer related to the proper operation of the technology. The defendant must pay all or part of the cost of the program based upon your ability to pay as the pretrial services office or supervising officer determines.

Copies Distributed
USM(3), PTS

1

- ☐ Location monitoring technology at the discretion of the officer
- ☐ Radio Frequency (RF) Monitoring
- ☐ Active GPS Monitoring
- ☐ Passive GPS Monitoring

- ☒ Defendant shall consume no **alcohol**; or ☐ Defendant shall not use alcohol in excess; Defendant shall participate in alcohol treatment as directed by Pretrial Services and submit to alcohol testing, including breathalyzer testing and make copayment toward the cost of such services, as directed by Pretrial Services.

- ☒ Defendant shall not use or possess a narcotic **drug** or other controlled substance (as defined by 21 U.S.C. § 802) unless prescribed for the Defendant by a licensed medical practitioner; Defendant shall participate in drug treatment as directed by Pretrial Services and submit to drug testing, including urinalysis testing and make copayment toward the cost of such services, as directed by Pretrial Services. The defendant must refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance abuse testing or monitoring which is (are) required as a condition of release.

- ☐ Defendant shall participate in a **mental health** treatment program as directed by Pretrial Services, and comply with all the treatment requirements including taking all medication prescribed by the mental health care provider, and make copayment toward the cost of such services as directed by Pretrial Services.

- ☐ The following additional conditions also apply: _____

## ADVICE OF PENALTIES AND SANCTIONS

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. §3148, forfeiture of bond, and a prosecution for contempt as provided in 18 U.S.C. §401 which could result in a possible term of imprisonment or a fine, or both. The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not less than two years nor more than ten years, if the offense is a felony; or a term of imprisonment of not less than ninety days nor more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

18 U.S.C. §1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. §1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. §1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten or attempt to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both:

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted.

## ACKNOWLEDGMENTS

I, the Defendant, acknowledge I am aware of the conditions of my release. I promise to obey all conditions, appear as directed and surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

| DATE | SIGNATURE | ADDRESS AND PHONE NUMBER OF DEFENDANT |
|---|---|---|
| 8-15-11 | *[signed]* | **Ref Pretrial Services Report - not public record** |

I, the Custodian, agree to supervise the Defendant in accordance with all conditions of release, to use every effort to assure the appearance of the Defendant at all scheduled court proceedings and to notify the court immediately in the event the Defendant violates any conditions of release or disappears.

| DATE | SIGNATURE | ADDRESS AND PHONE NUMBER OF CUSTODIAN: |
|---|---|---|
|  |  | **Ref Pretrial Services Report - not public record** |

I (We), the surety(ies), have read and understand the terms of this bond and conditions of release and acknowledge that I (we) are bound by this encumbrance until duly exonerated.

| DATE | SIGNATURE | ADDRESS AND PHONE NUMBER OF SURETY(IES) |
|---|---|---|
| 8/15/2011 | *[signed]* | **Ref Pretrial Services Report - not public record** |

BOND SET BY: *[signed]*  DEFENDANT RELEASED BY: *[signed]*

Signed before me on this date: 8/15/11 ; By U.S. Magistrate Judge: *Glenda E. Edmonds*

**THIS ORDER AUTHORIZES THE U.S. MARSHAL TO RELEASE DEFENDANT FROM CUSTODY.**

Witnessed and acknowledged before:

*[signature]* Date: 8-15-11

3